IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS LORENZO ARMENTERO,

        Plaintiff,                    No. 2:12-cv-01291 KJN P

    vs.

MARIANA LOTERSZTAIN, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.[1]

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing

---

[1] The court has reviewed plaintiff's several cases filed in this court since 2006, and concludes that plaintiff's current application to proceed in forma pauperis need not be considered under the "three strikes" rule of 28 U.S.C. § 1915(g).

fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic

1  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
2  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more
3  than "a formulaic recitation of the elements of a cause of action;" it must contain factual
4  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,
5  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
6  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551
7  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
8  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
9  as true the allegations of the complaint in question, id., and construe the pleading in the light
10 most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
11 grounds, Davis v. Scherer, 468 U.S. 183 (1984).

12          Plaintiff asserts a denial of his rights under the Eighth Amendment based on his
13 contention that he was denied prescribed medications for a period of ten days, from December
14 24, 2007, until January 5, 2008, commencing upon plaintiff's transfer from California State
15 Prison-Solano ("CSP-SOL") to California Medical Facility ("CMF").  The denied medications
16 are not identified with the exception of an inhaler to treat plaintiff's asthma; plaintiff states that
17 he was required to use another inmate's inhaler during this period.  Plaintiff also contends that he
18 suffers pain due to arthritis but does not identify what, if any, medications to treat the condition
19 were unavailable during the relevant period.  Although plaintiff concedes that he was seen by a
20 nurse practitioner within 24 hours of his arrival at CMF, as required by 15 C.C.R. § 3355(b),[2] he

---

[2] 15 C.C. R. § 3355 ("Health Care Examinations") provides in pertinent part:

. . . . (b) Transfers. Inmates received on transfer from other facilities shall be interviewed by health care staff at the receiving facility within 24 hours of arrival. The health record of each new arrival shall be reviewed to determine the need for previously prescribed medications or continuing treatment for unusual or chronic health problems. Sending facility health care staff shall notify the receiving facility and any anticipated layover facilities regarding any inmate's need, as in the case of diabetics, for maintenance medications while en route and after arrival.

1  contends that he should have then been seen by his assigned primary care physician, named
2  defendant Dr. Mariana Lotersztain.  Plaintiff contends that Dr. Lotersztain should have insured
3  that plaintiff's prescriptions were timely filled by the CMF pharmacist, named herein as
4  defendant "John Doe."  Plaintiff further contends that Dr. Lotersztain improperly ignored
5  plaintiff's requests to see her, until plaintiff's first appointment with Dr. Lotersztain on January
6  4, 2008.  Plaintiff also contends that, in mid-January 2008, Dr. Lotersztain refused to honor the
7  disability status accorded plaintiff at CSP-SOL, specifically, that plaintiff was mobility impaired
8  and required a low bunk assignment.  The complaint includes plaintiff's further allegation that he
9  chose to reject Dr. Lotersztain's referral of plaintiff to an outside specialist (apparently an
10 orthopedist) in April 2008, because the referral demonstrated that "defendant intentionally with
11 bad faith assess[ed] plaintiff's arthritis contrary to the original physicians' diagnostic, with the
12 intention of snatch[ing] plaintiff's original and current medical status.  Inten[d]ing to get a
13 Second and different medical evaluation with adverse results . . . ."  (Dkt. No. 1 at 15.)[3]

14          Review of plaintiff's underlying administrative grievance indicates that plaintiff
15 was timely seen by CMF Nurse Practitioner Browning on December 24, 2007, who promptly
16 ordered plaintiff's medication on the same dates, but "the order was not received by the
17 Pharmacy Department and [plaintiff] did not start receiving medications until January 5, 2008."
18 (Dkt. No. 1 at 26.)  It appears that, on January 4, 2008, Dr. Lotersztain not only ordered
19 plaintiff's medications, but ordered x-rays of plaintiff's knees and lab work.  The Second Level
20 Review decision provides that, "[a]s Dr. Lotersztain assessed your knees with no deformities and
21 full range of mobility, she will be required to re-evaluate your medical needs while housed at the
22 California Medical Facility (CMF).  You were referred to Physical Therapy and orthopedics for
23 evaluation and you refused both appointments. . . ."  (Id.)

24 ////

---

[3] References to the docket reflect the court's electronic pagination.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain," in violation of the Eighth Amendment, actionable pursuant to 42 U.S.C. § 1983.  Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted).  "Deliberate indifference" is evidenced when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  However, "[m]ere negligence is insufficient for liability.  An official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot under our cases be condemned as the infliction of punishment.  Instead, the official's conduct must have been wanton, which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official."  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citations and internal quotations omitted).

Pursuant to these standards, the court finds that plaintiff's complaint fails to state a potentially cognizable claim for relief against either named defendant Dr. Lotersztain, or the CMF pharmacist, identified as defendant "John Doe."  Plaintiff's allegations fail to support a reasonable inference that the delay in plaintiff's receipt of his prescribed medications was attributable to either Dr. Lotersztain or the CMF pharmacist -- apparently, the pharmacist did not receive plaintiff's prescriptions until January 4, 2008, when ordered by Dr. Lotersztain pursuant to her first examination of plaintiff; the prescriptions were filled the next day, January 5, 2008.  The delay appears, instead, to be attributable to a communication gap between Nurse Practitioner Browning, and the CMF pharmacy, over the winter holiday.  Even if this delay was unreasonable, plaintiff has failed to specify how the delay presented an excessive risk to his health or safety, or that the involved officials were aware of, but wantonly ignored, such risks.

For these reasons, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and

plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which each defendant engaged in that support plaintiff's claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: June 6, 2012

            /s/ Kendall J. Newman
            KENDALL J. NEWMAN
            UNITED STATES MAGISTRATE JUDGE

arme1291.14.new.kjn

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS LORENZO ARMENTERO

      Plaintiff,               No.  2:12-cv-01291 KJN P

   vs.

MARIANA LOTERSZTAIN, et al.,     NOTICE OF AMENDMENT

      Defendants.

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____      Amended Complaint

_____      _____
Date                                       Plaintiff