IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS LORENZO ARMENTERO,

        Plaintiff,                   No. 2:12-cv-01291 KJN P

    vs.

MARIANA LOTERSZTAIN,

        Defendant.                ORDER

_____/

       Plaintiff is a state prisoner at Avenal State Prison, who proceeds in this civil rights action in forma pauperis and without counsel. Plaintiff has consented to the jurisdiction of the magistrate judge for all purposes. 28 U.S.C. § 636(c); Local Rule 305(a). (See Dkt. No. 5.)

       By order filed June 7, 2012, this court dismissed plaintiff's original complaint, and granted plaintiff leave to file an amended complaint. (Dkt. No. 6.)

       Plaintiff timely filed an amended complaint (Dkt. No. 10), against sole defendant Mariana Lotersztain, M.D., alleging deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment's proscription against cruel and unusual punishment. Plaintiff challenges defendant's alleged failure to provide plaintiff with his prescribed medications for the ten-day period December 24, 2007, to January 5, 2008, commencing upon plaintiff's transfer to the California Medical Facility ("CMF"), from California State Prison-

1  Solano ("CSP-SOL").  For the reasons that follow, the undersigned finds that the amended

2  complaint fails to state a cognizable federal civil rights claim against defendant Lotersztain; that

3  further amendment of the complaint would be futile, thereby warranting dismissal of this action.

4          The court dismissed plaintiff's original complaint for the following reasons (Dkt.

5  No. 6 at 3-5) (internal citations omitted):

> Plaintiff asserts a denial of his rights under the Eighth Amendment based on his contention that he was denied prescribed medications for a period of ten days. . . . Although plaintiff concedes that he was seen by a nurse practitioner within 24 hours of his arrival at CMF, as required by 15 C.C.R. § 3355(b), he contends that he should have then been seen by his assigned primary care physician, named defendant Dr. Mariana Lotersztain.  Plaintiff contends that Dr. Lotersztain should have insured that plaintiff's prescriptions were timely filled by the CMF pharmacist . . . . Plaintiff further contends that Dr. Lotersztain improperly ignored plaintiff's requests to see her, until plaintiff's first appointment with Dr. Lotersztain on January 4, 2008.
>
> . . . Review of plaintiff's underlying administrative grievance indicates that plaintiff was timely seen by CMF Nurse Practitioner Browning on December 24, 2007, who promptly ordered plaintiff's medication on the same dates, but "the order was not received by the Pharmacy Department and [plaintiff] did not start receiving medications until January 5, 2008."  It appears that, on January 4, 2008, Dr. Lotersztain not only ordered plaintiff's medications, but ordered x-rays of plaintiff's knees and lab work.  The Second Level Review decision provides that, "[a]s Dr. Lotersztain assessed your knees with no deformities and full range of mobility, she will be requested to re-evaluate your medical needs while housed at the California Medical Facility (CMF).  You were referred to Physical Therapy and orthopedics for evaluation and you refused both appointments. . . ."
>
> . . . Plaintiff's allegations fail to support a reasonable inference that the delay in plaintiff's receipt of his prescribed medications was attributable to either Dr. Lotersztain or the CMF pharmacist -- apparently, the pharmacist did not receive plaintiff's prescriptions until January 4, 2008, when ordered by Dr. Lotersztain pursuant to her first examination of plaintiff; the prescriptions were filled the next day, January 5, 2008.  The delay appears, instead, to be attributable to a communication gap between Nurse Practitioner Browning, and the CMF pharmacy, over the winter holiday.  Even if this delay was unreasonable, plaintiff has failed to specify how the delay presented an excessive risk to his health or safety, or that the involved officials were aware of, but wantonly ignored, such risks.

In response, pursuant to his amended complaint, plaintiff alleges that, upon his arrival at CMF, he was regularly taking several identified medications to treat his asthma, high blood pressure, and osteoarthritis. Plaintiff alleges that the absence of these medications for ten days caused plaintiff so much arthritic pain that "sometimes he could not walk to the chow hall to breakfast" (Dkt. No. 10 at 9), and resulted in plaintiff having an asthma attack but he "did not die . . . because he used [an]other inmate['s] inhaler. . . ." (id. at 10). Plaintiff also alleges that, "[o]n January 4, 2008, plaintiff was [first] seen by defendant Lotersztain, but she did not bring plaintiff's medical records and thus, nothing was done." (Id. at 9.) However, plaintiff concedes that he obtained his medications on January 5, 2008.

Without articulating how, plaintiff alleges that defendant Lotersztain "knew since plaintiff's arrival to California Medical Facility that plaintiff was on medical treatments;" "intentionally delayed plaintiff's medical treatment prescribed and ordered by other physicians;" "stopped plaintiff's treatment medications;" "intentionally jeopardized plaintiff's life and his health;" and "knowingly caused plaintiff injuries."[1] (Id. at 7-9.) Plaintiff alleges that "[a]s a direct and proximate result of defendant's conduct, plaintiff has suffered damages in the form of severe emotional distress, mental anguish, depression, extreme anxiety, inability to sleep, feelings of helplessness, joints pains, lower back pain, and spinal column, mental exhaustion, headaches, high blood pressure, asthma attach or asphyxia, and joints swelling." (Sic.) (Id. at 10.) Plaintiff seeks $150,000 damages.

This court must dismiss a complaint brought by a prisoner that fails to state a potentially cognizable claim for relief, or raises claims that are legally "frivolous or malicious." 28 U.S.C. § 1915A(a), (b)(1). A claim is legally frivolous when based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke v. Williams,

---

[1] Plaintiff also alleges that "defendant acted despicably, intentionally, with malice and culpable state of mind, knowingly, willfully, with deliberate indifference, maliciously with reckless callous disregard for plaintiff's civil and federally protected rights acting under color of state law." (Dkt. No. 10 at 10.)

3

490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

As the court previously noted, to be cognizable, an Eighth Amendment claim for "deliberate indifference" to an inmate's serious medical needs must contain plausible allegations that the defendant knew of, yet disregarded, an excessive risk to the inmate's health or safety. "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 835 (1994). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Rather, plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 570). As emphasized by the Supreme Court:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 680 (citation omitted).

Pursuant to these standards, the court finds that the amended complaint fails to allege any facts to support the essential elements of a deliberate indifference claim against defendant Lotersztain. The amended complaint alleges no facts to support a reasonable inference that defendant Lotersztain was aware (or should have been aware) of plaintiff's medical needs during the subject ten-day period, nor that defendant disregarded plaintiff's needs despite knowing that such conduct created a substantial risk of serious harm to plaintiff. See Farmer v.

1  Brennan, supra, 511 U.S. at 835.  Rather, the delay appears to have been the result of an
2  institutional communication gap over the winter holiday in which defendant Lotersztain had no
3  part.  Moreover, despite plaintiff's numerous allegations of harm, plaintiff has failed to allege
4  any basis for reasonably concluding that he suffered short-term or long-term health consequences
5  significant enough to support an Eighth Amendment claim.
6              For these reasons, the court finds the allegations in plaintiff's amended complaint
7  too vague and conclusory to plausibly state a claim for relief against defendant Lotersztain. The
8  court further finds, based on a review of the attachments to plaintiff's original and amended
9  complaints, that further amendment of the complaint would be futile.
10             Accordingly, IT IS HEREBY ORDERED that this action is dismissed.
11 DATED:  October 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

arme1291.dsms.